### BEACH and others *v.* MOSGROVE and others.

*(Circuit Court, D. Nebraska.* May, 1883.)

1. SUIT TO CANCEL MORTGAGE—HOLDERS OF NOTES NECESSARY PARTIES.

    Where a suit is brought to cancel a mortgage on the ground that the mortgage debt has been paid, and such debt is represented by negotiable notes made payable jointly to certain parties, all the holders of such notes, whether named in the granting clause of the mortgage or not, are necessary parties to the suit, and a decree is void for want of jurisdiction as to a payee of such notes who is not made a party to the bill.

2. SAME—SERVICE BY PUBLICATION—DECREE.

    In such an action, where service is made by publication as provided by the act of March 3, 1875, § 8, and there is no appearance on the part of the defendants, and the notes are not within the district, a decree canceling the mortgage is void as to the notes for want of jurisdiction, and as to the mortgage is erroneous, because rendered without proof; as, in cases where the service is by publication only, a failure to deny the allegations of the bill is not a sufficient admission of those allegations to authorize a decree in accordance therewith.

3. SAME—BILL OF REVIEW—TIME ALLOWED FOR FILING.

    Where a decree has been entered against absent defendants on service by publication, such decree is not final until the expiration of one year, and the time within which a bill of review for errors apparent on the face of the record may be filed by such defendants should be computed from the time when the decree becomes final.

On Demurrer to Bill of Review.

This is a bill filed to review and modify the decree rendered by this court in the case of *Cornelia O. Harrington* v. *John B. Finley et al.*

The original bill was brought for the double purpose of removing from the title to certain lands a cloud thereon caused by certain tax deeds, and of canceling a certain mortgage thereon alleged to have been paid in full. The present complainants were interested in the mortgage. Their true names are William M. Beach, John N. Beach, and James T. Black. Among the defendants in the original suit are found the names of James T. Black, W. M. Black, and John T. Beach, but not that of W. M. Beach or John N. Beach. The mortgage appears to have been executed to James T. Black, but to secure

three notes payable to these complainants jointly. There was service by publication under the law of the state. While the cause was pending in the state court, and prior to its removal, these complainants did not appear. No proof was adduced to show payment of the mortgage debt. The decree was by default as to these complainants, and directed that the mortgage be canceled. These facts appear upon the face of the record, and are alleged in the bill of review, which alleges, in addition, that the mortgage debt has never been paid, and prays that the original decree be set aside as to them as erroneous. Respondents demur to the bill of review.

*E. F. Warren*, for demurrer.

*S. H. Calhoun, contra.*

McCRARY, J. My conclusions are as follows:

1. The original bill was filed for the purpose, in part, of procuring a decree for the cancellation of a certain mortgage securing the payment of three promissory notes, which were payable jointly to the complainants herein, including William M. Beach, who was not made a party to the bill. As to him clearly the decree is void for want of jurisdiction. Although he was not named as a grantee in the mortgage, he was named as a payee of the notes secured thereby; and it is very clear that, in a suit brought to cancel a mortgage upon the ground that the mortgage debt is paid, all the holders of such debt, so far at least as they can be found, are necessary parties. If the debt is divided into parts and negotiable notes executed to different persons therefor, it is apparent that the holder of each note, whether named in the granting clause or not, is in equity a part owner of the mortgage, and entitled to foreclose. If such notes be transferred from hand to hand, it is well settled that the mortgage security goes with them. The mortgage is a mere incident to the notes. Beyond all doubt, then, William M. Beach was entitled to a hearing before any valid decree could be rendered declaring his note paid and his mortgage lien discharged; and the decree as to him is a nullity, upon the ground that the court had no jurisdiction over either his person or his property, and without considering any other ground.

2. As to the other complainants who were made defendants to the original bill a different question arises. They were served by publication only, under the law of the state, while the original cause was pending in the state court, and they made no appearance. A question has been suggested as to whether we are to give to this service by publication the same force and effect that it would have had if the case had not been removed to this court, but had gone to decree in

the state court; but in the view I have taken of the case this question is not important. I assume that the force and effect of the final decree, and all questions as to its validity, based upon the fact that the defendants and their property were beyond the jurisdiction, must be determined by the provisions of the federal statutes. The governing statute in such cases is the eighth section of the act of congress of March 3, 1875, which provides for service by publication upon absent defendants in suits "to enforce any legal or equitable lien upon, or claim to, or to remove any incumbrance or lien or cloud upon the title to, real or personal property within the district where such suit is brought." The effect of an adjudication based upon such service is thus limited and defined, "but said adjudication shall, as regards said absent defendant or defendants without appearance, affect only the property which shall have been the subject of the suit, and under the jurisdiction of the court therein within such district." The original bill averred that the notes secured by the mortgage had all been paid in full, and therefore prayed a decree to cancel the mortgage. What was the property which constituted the subject-matter of the suit? Was it the land upon which the mortgage rested, or the notes held by these complainants? It is a question of some nicety whether the complainants' property was not in the notes. That they had a property in the notes, which was the subject-matter of the suit, is quite clear, for the effect of the decree is to cancel the notes as well as the mortgage. The notes were not within the district, and as to them the decree is void for want of jurisdiction. As to both notes and mortgage it is clearly erroneous, because it was rendered without proof, upon service by publication only, and without an appearance. The only evidence was the allegations of the bill. The better rule is, especially in cases where the service is by publication, that a failure to deny the allegations of the bill is not a sufficient admission of those allegations to authorize a decree in accordance therewith. *Rogers* v. *Marshall,* 3 McCrary, 76, [S. C. 13 FED. REP. 64,] and cases cited.

3. The decree, in so far as it relates to the right of the present complainants, being at least erroneous because of facts apparent upon the face of the record, it is clear that it must be set aside, so far as those rights are concerned, unless it has been filed too late. The general rule is that a bill of review for errors apparent upon the face of the record must be filed within the time allowed for taking an appeal, which, in a case like this, would be two years. Applying that rule strictly, it would appear that the present bill was filed four days after

the expiration of the time. But the rule is not so inflexible as to bar relief in the present case. Here service was made by publication. The respondents did not appear. They had under the statute above cited one year after final decree in which to enter their appearance and have the decree set aside, with leave to them to defend. I am not prepared to hold that it is the duty of a court of equity to apply the two-years' limitation with exactness to such a case. The decree was not final as to the absent defendants until the expiration of one year after it was entered. They were joint payees of the notes, and one of them was not made a party. As to him the decree was not only erroneous, but absolutely void. As to the others, I think, upon sound equitable principles, they were entitled to two years from the time when the decree became final as against them in which to file their bill of review. They are within this rule, as the decree did not become final as against them until the expiration of one year from the date of its rendition. If within that period they had taken an appeal, they would in all probability have been told by the supreme court that it was their duty to apply to the court below for leave to come in and defend. I suppose it to be well settled, upon principle and authority, that so long as a party has a right to apply for the correction of errors to a court of original jurisdiction, he cannot invoke the powers of an appellate tribunal for that purpose. It follows, in any view of this case, the bill of review is filed in due time. The demurrer must be overruled.

The facts to which I have referred as controlling in the determination of this question all appear upon the face of the record, and I suppose there will be no disposition to controvert them. If there is not, the order will be that so much of the original decree as finds that the mortgage of these complainants has been paid in full, and directs that the same be canceled, be set aside, and that these complainants have leave to appear in that case and make any defense as to their rights under the mortgage that they might have made had they appeared and been heard in the original suit. The question whether the respondent Phœbe Rebecca Elizabeth Elvina Linton, the purchaser at the marshal's sale, is an innocent purchaser without notice for value, and entitled as such to protection against any claim of these complainants, will be reserved for determination at the final hearing.