[Civ. No. 1085.   Third Appellate District.—May 9, 1913.]

## CATHERINE ALTPETER et al., Respondents, v. POSTAL TELEGRAPH–CABLE COMPANY (a Corporation), Appellant.

APPEAL—PARTY AGGRIEVED—CORPORATION SUED BY MISTAKE.—When it is discovered at the outset of a trial that a mistake has been made in the identity of the corporation against which the cause of action exists, and the court then makes an order allowing an amendment of the complaint substituting the proper corporation as defendant, the original corporation defendant ceases to be interested in the action, and is not a "party aggrieved" by the judgment therein, and its appeal will be dismissed.

APPEAL from a judgment of the Superior Court of Yolo County.   N. A. Hawkins, Judge.

The facts are stated in the opinion of the court.

L. T. Hatfield, for Appellant.

E. E. Gaddis, for Respondents.

HART, J.—This is an action for damages in the sum of five hundred dollars alleged to have been incurred by the plain-

tiffs through the act of the defendant in cutting down and thus destroying four walnut trees standing and growing immediately in front of the land and houses of the plaintiffs, situated on Court Street, in the town of Woodland.

The cause was tried before a jury and a verdict returned in favor of plaintiffs for the amount sued for. The court thereupon entered judgment for treble the sum assessed by the jury (Civ. Code, sec. 3346, and Code Civ. Proc., sec. 733), and this appeal is from said judgment by Postal Telegraph-Cable Company, a corporation, organized under the laws of the state of New York.

Counsel for the respondents has moved a dismissal of this appeal on the ground that the appellant is not a party to this action and, therefore, not a "party aggrieved," within the meaning of section 938 of the Code of Civil Procedure.

There is, in our opinion, no escape from the conclusion that the position of the respondents on the motion to dismiss is well taken. It appears that there are two separate and distinct corporations named and known as "Postal Telegraph-Cable Company," one of which was organized and existing under and by virtue of the laws of the state of New York and the other organized and existing under and by virtue of the laws of the state of California.

The record discloses that the corporation originally sued by the plaintiffs was the New York corporation, the complaint alleging that the defendant, Postal Telegraph-Cable Company, was a corporation organized, existing and doing business under and by authority of the laws of the state of New York. When the trial of the case was proceeded with, it was, in the outset thereof, discovered that, if the plaintiffs suffered the damage as set out in the complaint, such damage was caused by the California corporation named and known as Postal Telegraph-Cable Company and not by the New York corporation of that name, whereupon counsel for the plaintiffs applied to the court for leave to amend the complaint so as to substitute the California corporation for the New York corporation as party defendant. After an extended discussion between counsel, in the course of which the attorney for the appellant declared that the two corporations were distinct entities, and that he was in court for the sole purpose of representing the New York corporation and that the California

corporation was without a legal adviser or representative in the action, the court allowed the amendment. Although interposing an objection to the allowance of the amendment on the ground that the court was without jurisdiction to do so, and, although reserving an exception to the order of the court permitting the amendment, counsel for the appellant, after the order granting the plaintiffs leave to amend was made and entered, retired from further participation in the trial of the action, declaring that, "if the California corporation is the defendant in this case, we have no appearance for it and no authority to appear." The trial of the cause was thereupon proceeded with in the absence of a legal representative of the defendant, with the result as hitherto stated.

After the court made its order allowing the substitution of the California corporation for the New York corporation, the attorney for the appellant moved for a formal order dismissing the action as to the latter; but the court refused to grant the motion or to make the order, and it is largely upon the action of the court as to said motion that counsel insist here that the New York corporation remained and is still a party to the action. We are, however, unable to coincide with that view. The effect of the order of substitution was to entirely eliminate the New York corporation from any connection whatsoever with the case as effectually as if the action had been formally dismissed as to it. In other words, the moment the California corporation was substituted as party defendant in the place and stead of the New York corporation, the latter was no longer interested in or concerned with the action or the trial thereof, and, obviously, could not be injuriously or otherwise affected or bound by any verdict or judgment obtained in the action. This proposition was virtually conceded by the attorney for the appellant when, after the order of substitution, he retired from the case, saying, in effect, that he appeared for the sole purpose of representing the New York corporation and was not concerned with or interested in the substituted defendant, having no authority to represent it in the action as counsel. Nor is the question whether this appeal should be dismissed affected in any measure by the fact, if it be a fact, and as counsel for appellant contend is true, that the court transcended its authority or jurisdiction in making the order granting the motion of the

plaintiffs to amend their complaint in the respect referred to. Whether the order of substitution was erroneous or not, is a matter of vital interest to the substituted defendant but cannot be of any concern to the appellant, it having thus been wholly removed from the record as a party thereto and thereby rendered immune from any possible prejudice or detriment by reason of any verdict or judgment returned and entered in the action against another and a distinctly different person. "It has been settled as a rule of practice by a long series of decisions that only a *party to the record* can appeal, and other rules of practice equally well settled have remedied any inconvenience that might have resulted from this construction of section 938, so that there is no reason now to depart from it, if ever there was." (*Elliott* v. *Superior Court,* 144 Cal. 501, 507, [103 Am. St. Rep. 102, 77 Pac. 1109].)

Our conclusion is that the appellant cannot, by any possibility, any more than can any other stranger to the action, be affected in the slightest by the verdict or judgment herein, and that it cannot, therefore, be held to be a "party aggrieved" or authorized to maintain and prosecute this appeal.

The motion to dismiss this appeal is, accordingly, granted.

Chipman, P. J., and Burnett, J., concurred.