[Civ. No. 1258.   Third Appellate District.—July 29, 1914.]

CATHERINE ALTPETER et al., Respondents, v. POSTAL TELEGRAPH–CABLE COMPANY (a Corporation), Appellant.

APPEAL—APPEALABLE ORDER OR JUDGMENT—WHETHER APPEAL LIES FROM ORDER REFUSING TO VACATE.—Generally the party aggrieved by a judgment or an order must take his appeal from the judgment or order itself, if an appeal therefrom is authorized by statute, and not from a subsequent order refusing to set it aside.

ID.—RELIEF IN EQUITY FROM JUDGMENT AFTER EXPIRATION OF TIME TO APPEAL.—The aggrieved party to a judgment ordinarily must appeal to equity in the form of an independent suit for that purpose, where, the time within which he might have appealed therefrom having

passed, he desires to set it aside for reasons extrinsic or collateral to the questions examined and determined in the action.

ID.—EXCEPTIONS TO RULES—SECTION 473 OF THE CODE OF CIVIL PROCEDURE.—But there are exceptions to these rules, and the legislature has seen fit to make provision for the application of some of these exceptions in section 473 of the Code of Civil Procedure.

ID.—FAILURE TO SERVE SUMMONS—RIGHT OF DEFENDANT TO VACATE JUDGMENT AND FILE ANSWER.—The provision of such section permitting the defendant to answer where personal service of summons has not been had, necessarily presupposes the right in the party to the action upon whom personal service of summons has not been had to have the judgment set aside preliminarily to the filing of the answer.

ID.—SERVICE OF SUMMONS ON WRONG CORPORATION—RIGHT OF CORPORATION NOT SERVED TO HAVE JUDGMENT VACATED ON MOTION.—Under the provision of section 473 of the Code of Civil Procedure that "when from any cause the summons in an action has not been personally served on the defendant, the court may allow, on such terms as may be just, such defendant or his legal representative, at any time within one year after the rendition of any judgment in such action, to answer to the merits of the original action," a defendant corporation which was not served with summons, service having been made instead upon a foreign corporation by the same name, and hence which did not defend or appear, may, six months after it might have appealed from the judgment, move to set it aside.

ID.—SECTION 473 OF THE CODE OF CIVIL PROCEDURE—CUMULATIVE REMEDY.—Such provision of the Code of Civil Procedure does not contemplate a new or an independent suit in equity to set aside the judgment in order to enable the defendant to answer to the merits; it is intended as a distinct remedy from and cumulative to that which may be had in a court of equity to annul a judgment, the time for appealing from which has passed.

ID.—CONSTRUCTIVE SERVICE—WHETHER CODE PROVISION CONFINED TO CASES OF.—The application of such code provision is not confined to cases where constructive service has been had and a default judgment thereupon entered.

APPEAL from an order of the Superior Court of Yolo County refusing to vacate a judgment. N. A. Hawkins, Judge.

The facts are stated in the opinion of the court.

J. S. Spilman, and L. T. Hatfield, for Appellant.

E. E. Gaddis, for Respondents.

THE COURT.—This is a motion to dismiss the appeal taken by the defendant from an order refusing to grant a motion to vacate the judgment.

The action was by the plaintiffs for damages for the alleged destruction by the defendant of four walnut trees standing and growing immediately in front of the former's premises on Court Street, in the city of Woodland. The jury, by whom the cause was tried, returned a verdict in favor of the plaintiffs in the sum of five hundred dollars, and the court, acting upon the authority of section 3346 of the Civil Code and section 733 of the Code of Civil Procedure, entered judgment for the plaintiffs on said verdict for treble the amount assessed by the jury.

It is important in this proceeding, as will presently be perceived, to know that said judgment was entered on the eleventh day of November, 1912, and that it contains, among others, the following recitals: "This action came on regularly for trial on the 24th day of September, A. D. 1912. The parties appeared by their attorneys, E. E. Gaddis, Esq., counsel for plaintiffs, and L. T. Hatfield, Esq., for defendant. A jury of twelve persons was regularly impaneled, and sworn to try said action. Witnesses on the part of plaintiffs and defendant were sworn and examined. After hearing the evidence, the arguments of counsel and instructions of the court, the jury retired to consider of their verdict, and subsequently returned into court with the verdict signed by the foreman, and, being called, answered to their names and say," following which is the verdict.

But a clearer understanding of the legal propositions advanced in support of and against the allowance of the present motion may be obtained by a summary statement of the history of this action and its several ramifications.

Two different and distinct proceedings growing out of this case—one an application for a writ of review and the other an appeal from the judgment by a New York corporation of the same name as that of the defendant here—have heretofore been before and decided by this court. (See *Postal Telegraph-Cable Co.* v. *Superior Court,* 22 Cal. App. 770, [136 Pac. 538], and *Altpeter* v. *Postal Telegraph-Cable Co.,* 22 Cal. App. 63, [133 Pac. 329].) The opinions in those cases contain a recital of the circumstances under which the case came to this court on the occasions referred to. As the

facts constituting a history of the case as they are disclosed by the present record are substantially given in the case of *Altpeter* v. *Postal Telegraph-Cable Co.*, 22 Cal. App. 63, [133 Pac. 329], we will, as a matter of convenience, follow said opinion in some measure in stating said facts here.

"It appears that there are two separate and distinct corporations named and known as 'Postal Telegraph-Cable Company,' one of which was organized and is existing under and by virtue of the laws of the state of New York and the other organized and existing under and by virtue of the laws of the state of California. It further appears that the corporation originally sued by the plaintiffs was the New York corporation, the complaint alleging that the defendant, Postal Telegraph-Cable Company, was a corporation organized, existing, and doing business under and by virtue of the laws of the state of New York. When the trial of the case was proceeded with, it was, in the outset thereof, discovered that, if the plaintiffs suffered the damage as set out in the complaint, such damage was caused by the California corporation named and known as Postal Telegraph-Cable Company and not by the New York corporation of that name, whereupon counsel for the plaintiffs applied to the court for leave to amend the complaint so as to substitute the California corporation for the New York corporation as party defendant. After an extended discussion between counsel, in the course of which the attorney for the appellant declared that the two corporations were distinct entities, and that he was in court for the sole purpose of representing the New York corporation and that the California corporation was without a legal adviser or representative in the action, the court allowed the amendment. Although interposing an objection to the allowance of the amendment on the ground that the court was without jurisdiction to do so, and, although reserving an exception to the order of the court permitting the amendment, counsel for the appellant, after the order granting the plaintiffs leave to amend was made and entered, retired from further participation in the trial of the action, declaring that, 'if the California corporation is the defendant in this case, we have no appearance for it and no authority to appear.' The trial of the cause was thereupon proceeded with in the absence of a legal representative of the defendant, with the result as hitherto stated."

The defendant (that is, the California corporation), shortly after the trial of the action, petitioned this court for a writ of *certiorari* for the purpose of annulling and setting aside all the proceedings had in the action, because, as was the claim, they were *coram non judice* and void. The specific ground upon which the application for said writ was based was that the substituted defendant had never been served with summons, that it, consequently, had no notice of the institution and pendency of the action, and that, therefore, the court had not acquired jurisdiction of the person of said defendant. On March 13, 1913, this court handed down its decision on said application, denying the writ on the ground that the petitioner was afforded a remedy in the ordinary course of law—that is, by appeal. A rehearing was granted by this court in said proceeding and, on the twenty-fourth day of September, a decision was rendered and an opinion filed therein, affirming the views and the conclusion declared in the former opinion. (*Postal Telegraph-Cable Co.* v. *Superior Court*, 22 Cal. App. 770, [136 Pac. 538].)

On January 2, 1913, and while the proceeding on the writ above mentioned was still pending before this court, the New York corporation (the original defendant in the action) filed in this court its record on appeal from the judgment in said action. A motion was made by the plaintiffs to dismiss said appeal on the ground that the said corporation, having been, by the order granting the plaintiffs leave to amend their complaint, supplanted as party defendant to the action by the California corporation and was thereby altogether eliminated from the case, was not a "party aggrieved," within the contemplation of section 938 of the Code of Civil Procedure. This point was sustained and the motion to dismiss the appeal granted in an opinion handed down by and filed in this court on the ninth day of May, 1913. (*Altpeter* v. *Postal Telegraph-Cable Co.*, 22 Cal. App. 63, [133 Pac. 329].)

On the twenty-fourth day of October, 1912—almost six months after the time within which it might have appealed from the judgment had passed (Code Civ. Proc., sec. 939) the defendant served and filed a notice of motion to vacate the judgment on the ground that summons in said action had never been served on it and that, therefore, the court had never acquired jurisdiction of the person of said defendant. The notice further states as one of the grounds upon which

the defendant claims to be entitled to be relieved from the effect of the judgment through said motion that "said judgment was rendered against this defendant by reason of its mistake, surprise and excusable neglect."

Said motion was supported by affidavits, accompanied by a proposed answer to the complaint.

The court denied the motion and it is the appeal from the order denying said motion that the plaintiffs now move to dismiss.

The affidavits filed and used to support the motion are not controverted—that is, the record does not disclose a countershowing upon the facts set out in said affidavits and, therefore, the verity of the facts so set forth stands admitted. These affidavits are by the president and general superintendent, the vice-president and superintendent, the secretary and treasurer and L. T. Hatfield, appearing on this appeal as one of the attorneys of the defendant. Each of the above-named officers of the defendant deposes that he was not served with summons or otherwise notified of the institution and pendency of this action. Mr. Blake, the president and general superintendent of the defendant, further deposes that, during all the times mentioned in his affidavit, he was the only person or officer of the defendant authorized to employ attorneys for said corporation; that he never at any time employed, retained, or instructed Mr. Hatfield to represent this defendant in this action until after the return of the verdict by the jury at the trial of said action; "that, after the trial of said action, and after receiving notice of the result of said trial, affiant employed J. S. Spilman, Esq., as attorney for said defendant, and L. T. Hatfield, Esq., as counsel; that said Spilman and said Hatfield were employed by affiant for the said defendant for the purpose of procuring relief from such judgment by having the same annulled or vacated or set aside by such proceedings as they might be advised to be proper in the premises." Blake further declares that Hearn and Elberg, respectively the vice-president and superintendent and the secretary and treasurer of the defendant, "are the only persons holding statutory offices of said corporation in the state of California," and that Jeremiah K. Beede, chief operator of the defendant at and in charge of its telegraph station at the city of Sacramento, and upon whom service of summons was made in this action as originally

commenced against the Postal Telegraph-Cable Company, of
New York, has never at any time had any power or authority
to transact any other business for or on behalf of the defend-
ant than that involving the duties of chief operator as above
explained; that said Beede has at no time been authorized
or empowered to enter into any contracts or agreements for
said defendant, or to bind it in any manner in any transac-
tions except such as necessarily came within the scope of his
duties as chief operator, "or to accept service of process
against it, or to appear for it in any court, or elsewhere, or
otherwise, or at all."

In his affidavit, Mr. Hatfield corroborates Blake as to his
(Hatfield's) connection with the defendant and this action,
declaring that he was never at any time employed or retained
by the defendant or any of its officers to appear as attorney
for said defendant in this action until after the trial thereof
and the rendition of the verdict and judgment therein; that,
after the trial of said action, he was employed by the defend-
ant to take such legal steps as he might conceive to be neces-
sary and appropriate to obtain for the defendant relief from
the judgment entered against it in this action.   He further
deposes: "That the recitals in the judgment eventually en-
tered in said cause, wherein it is set forth that affiant ap-
peared as counsel for any defendant or in any manner
whatever took part in said trial on behalf of defendant, are
wholly false, as this affiant did not at any time take any part
in the trial of said cause on any account whatever on behalf
of said California corporation, or otherwise or at all, except
in the matter of filing an answer by and on behalf of the
New York corporation, and in aiding in impaneling a jury
for the trial of the cause against said New York corporation,
but did not offer any evidence on the merits of said cause at
any time, but left the court room when the amendment to
the complaint was allowed, as fully shown in the stenographic
report of said trial, to which stenographic report reference
is hereby made as part hereof."

The answer proposed and tendered by the defendant is
verified and, in appropriate language, denies that the defend-
ant caused the injury complained of in the complaint.

The reporter's transcript of the proceedings on the motion
of the plaintiffs for leave to amend the complaint by substi-
tuting the California corporation for the New York corpora-

tion as defendant in the action was offered and admitted in evidence.

The said affidavits, together with the stenographer's transcript of the proceedings on the plaintiff's motion for leave to amend their complaint as above indicated, are contained in and authenticated by a bill of exceptions, and constituted all the proceedings had on the motion by the defendant to vacate the judgment.

The contention of the plaintiffs is that the determination of the question submitted here must be governed entirely by an inspection of the judgment-roll and not by a consideration of the affidavits and other evidence disclosing matters extrinsic to the judgment; that the only remedy which the defendant now has left to it for securing relief from the effect of the judgment is by a suit in equity, the time limited for an appeal from said judgment having expired at the time of the institution of the proceeding on the motion to vacate it. This position is sustained, it is claimed, by the proposition that, except in certain exceptional instances, within which, it is asserted, this case does not fall, a motion to vacate a judgment will not lie where, as was true here, the right of appeal from such judgment is available to the party against whom the judgment has passed. (Code Civ. Proc., sec. 939.) It is, of course, plainly manifest that, if such a motion cannot be entertained—that is, if an appeal from the judgment is the exclusive remedy—under the circumstances of this case, then an order denying such motion is not appealable, and in that view of the case before us the motion to dismiss the appeal would have to be granted, since, obviously, an order disallowing a motion which the court has no legal authority to entertain cannot be held to be among the orders from which the code provides that appeals may be taken.

The position of the defendant is, however, that, insamuch as it was not served with summons, either personally or constructively, and, therefore, was not afforded an opportunity to file an answer or otherwise appear in the action, it was authorized by section 473 of the Code of Civil Procedure to interpose an answer to the merits of the action, and that necessarily, in order to answer, it was entitled to have the judgment first vacated on motion, on a showing that, because of not having been legally notified of the commencement of

the action, it had not answered to the merits thereof or otherwise appeared therein, said motion being made within one year after the rendition of the judgment.

We are of the opinion that the circumstances of this case show that the motion to set aside the judgment constituted one of the methods open to the defendant to obtain relief, if any it is entitled to, from the effect of said judgment, and are, therefore, further of the opinion that the motion was one which was proper to be made under the circumstances and which the court was, consequently, legally authorized to entertain, and that the order denying it is appealable. In reaching this conclusion, we have been governed solely, so far as the evidence is concerned, by the facts set forth in the affidavits filed and used by the defendant in support of the motion to vacate the judgment and the proceedings on the application for leave to amend the complaint so far only as they corroborate the said affidavits upon the proposition of fact in impeachment of the recitals of the judgment to the effect that, at the trial, the defendant was represented by counsel. Thus we have limited the consideration of the proceedings leading to the amendment of the complaint, as disclosed by the bill of exceptions, because we desire and intend to refrain from passing upon the main proposition in this case, to wit: whether the act of substituting the defendant for the New York corporation, the original defendant in the action, as the party defendant thereto, although allowed under the guise of an amendment to the complaint, in effect amounted to the institution of a new action, or, at all events, one in which service of summons was necessary to give the court jurisdiction of the person of the substituted defendant. We prefer that this question be left open, to be considered and determined upon a consideration of the appeal upon its merits.

The general rule is, of course, that the party aggrieved by a judgment or an order must take his appeal from such judgment or order itself, if an appeal therefrom is authorized by statute, and not from a subsequent order refusing to set it aside. This rule is clearly explained and aptly illustrated by Judge Hayne, in his work on New Trial and Appeal, 2d ed. sec. 199, and the many cases therein referred to and examined.

It is also the general rule that the aggrieved party to a judgment must appeal to equity in the form of an independent suit for that purpose, where, the time within which he might have appealed therefrom having passed, he desires to set it aside for reasons extrinsic or collateral to the questions examined and determined in the action. (*Pico* v. *Cohn*, 91 Cal. 132, [25 Am. St. Rep. 159, 13 L. R. A. 336, 25 Pac. 970, 27 Pac. 537]; *French* v. *Phelps*, 20 Cal. App. 101, 111, [128 Pac. 772], and cases therein cited.) But there are exceptions to said rules. (*Title Ins. & Trust Co.* v. *California etc. Co.*, 159 Cal. 488, [114 Pac. 838]; *People* v. *Davis*, 143 Cal. 675, [77 Pac. 651].)

The legislature has seen fit to make provision for the application of some of these exceptions in section 473 of the Code of Civil Procedure, and, as stated, it is claimed by the defendant that the circumstances of this case bring it within the one-year clause of said section.

So much of said section as is important in the solution of the problem submitted by the motion now under consideration reads as follows: "When from any cause the summons in an action has not been personally served on the defendant, the court may allow, on such terms as may be just, such defendant or his legal representative, at any time within one year after the rendition of any judgment in such action, to answer to the merits of the original action." This provision necessarily presupposes the right in the party to the action upon whom personal service of summons has not been had to have the judgment set aside preliminarily to the filing of the answer, for it would be absurd to say that a party defendant might, under the circumstances contemplated by that provision of the section, file his answer within the time specified and so join the plaintiff on issues of fact and proceed with the trial of such issues while there still exists a judgment against such party.

The question here, then, is: Do the facts and circumstances of this case bring it within any of the exceptions of the general rules above stated? Or, in other words, are the facts such as legally to entitle the defendant to invoke the provision of section 473, above quoted, to obtain relief from the judgment?

We can justly perceive none but an affirmative reply to that question.

The above quoted provision of section 473 was intended to mean something. It cannot be treated as a provision having no substantial or vital purpose in its enactment. The section plainly says that, where, from any cause, a defendant has not been personally served with summons, he may, within a year after the rendition of judgment, answer to the merits of the action. That, in such case, the defendant is not only entitled but compelled to show that he has not been personally served with summons, is an obvious proposition. The section does not, it is quite manifest, contemplate a new or an independent suit in equity to set aside the judgment in order to enable him to answer to the merits. It was, unquestionably, intended as a distinct remedy from and cumulative to that which may be had in a court of equity to annul a judgment, the time for appealing from which has passed. It does not, perhaps, always involve precisely a collateral attack upon a judgment, for under said provision the judgment may be set aside upon matters which are not strictly collateral thereto or which presumptively are included in the adjudication. But it is nevertheless an indirect attack. The provision undoubtedly means, as obviously does the preceding language of the section providing for the securing of relief in certain instances within six months after the act from the effect of which relief is desired has been done, that the relief so sought may be granted in a summary proceeding, as by motion on affidavits. This proposition is sustained by all the authorities notably *People* v. *Davis,* 143 Cal. 675, [77 Pac. 651], where it is said: "It is well settled that a court has no power to set aside or vacate on motion a judgment not void upon its face, *unless the motion is made within a reasonable time,* and it is definitely determined that such time will not extend beyond the limit fixed by section 473 of the Code of Civil Procedure, *which in no case exceeds one year. . . .* The effect of these well-settled rules is that, unless the invalidity of the judgment is apparent from an inspection of the judgment-roll, the court rendering it has no power, *in the absence of application made within the time specified in section 473 of the Code of Civil Procedure,* to make any order vacating or setting aside such judgment, and the sole remedy of the aggrieved party, who may not, in fact, have been served, is to be found in a new action, on the equity side of the court. (See *Eichoff* v. *Eichoff,* 107 Cal. 42, [48 Am. St. Rep. 110,

[40 Pac. 24]; *People* v. *Temple,* 103 Cal. 447, [37 Pac. 414].)''

While the judgment here appears upon its face to be valid, the undisputed facts developed upon the motion to vacate it show: That the defendant was not served with summons either personally or constructively; that it had no opportunity to answer to the merits of the action; that a trial was had in its absence and without its having been represented thereat by counsel or otherwise; and that the judgment here complained of was, under those circumstances, entered against it; that the motion to vacate said judgment was filed and made within one year after the rendition of the same; that, with said motion, the defendant proposed and tendered an answer to the complaint, or ''to the merits of the action.''

We can conceive of no circumstances more strongly calling for the application of the one-year clause of section 473 of the Code of Civil Procedure than those shown by the affidavits filed on the motion to set aside the judgment here. Indeed, we may go further and say that if this is not a case in which a motion to vacate a judgment valid on its face will lie, under the terms of section 473 of the Code of Civil Procedure, then it would be difficult to form a conception of circumstances which will justify the application of the one-year clause of said section. That the defendant was, by reason of the circumstances under which the judgment was rendered against him in this action, deprived of an opportunity to make a bill of exceptions or other record which would present whatever meritorious grounds of objection which it might have to said judgment, is plainly manifest. (*Title Ins. & Trust Co.* v. *California etc. Co.,* 159 Cal. 488, [114 Pac. 838].) At the trial of the action upon its merits, the defendant, not being present or represented, had no opportunity to register objections to any of the proceedings.

But, says counsel for the plaintiffs, the code provision resorted to by the defendant for relief from the judgment applies to cases only where the service is constructive and judgment is, upon such service, taken by default, and in support of that proposition he cites section 199 of Hayne on New Trial and Appeal, and the cases referred to therein. We do not so understand the author of that learned treatise on the appellate practice, nor the decisions cited therein. It is true that Judge Hayne says (p. 1033) that ''it seems that

there are cases not strictly *ex parte* which constitute exceptions to the rule. Of these are to be noted cases where the service was constructive, and the judgment rendered was a judgment in default. Of such class of cases was *De La Montanya* v. *De La Montanya*, 112 Cal. 101, 53 Am. St. Rep. 165, 44 Pac. 345, 32 L. R. A. 82.'' But we do not understand that thus it was intended to say or that the learned author does say that the application of the exception is confined to cases where constructive service has been had and a default judgment thereupon entered. The reason for applying the exception to such cases is, undoubtedly, because the defendant, in point of fact, has possibly not received notice of the action, and, therefore, had no opportunity to appear, defend, and so prepare a record. The same reason is no less forceful and applicable in a case where, as here, the defendant has not been served at all, and, so far as such defendant is concerned, a trial had without issue joined and without his presence thereat either in person or by a representative. A judgment entered under such circumstances cannot be said to be impressed with qualities superior to those of a default judgment entered on a constructive service of summons. Indeed, the judgment here, according to the evidence adduced at the hearing of the motion to vacate it, is no less a default judgment than one in a divorce action, in which testimony must be taken to support the allegations of the complaint even though, having been served with summons, the defendant makes no appearance. In truth, the case here is much stronger in support of the right of the defendant to seek relief under section 473 than it would be in support of the application of a defendant upon whom service by publication has been regularly had for similar relief from a default judgment, for, in this case, as seen, there was no service of summons at all.

We are unable to discern any just reason for holding that the defendant is not entitled to invoke the remedy provided by section 473 of the Code of Civil Procedure for setting aside the judgment obtained against it under the peculiar circumstances of the case as disclosed by this record.

The motion to dismiss this appeal is, accordingly, denied.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on September 26, 1914.