2    321
125   204

CHARLES D. SEMPLE *v.* O. C. BURKEY, WASHING-
TON SEAWELL, THOMAS J. HENLEY, and S. C.
HASTINGS.

Where a motion is tried by the Court, which involves an issue of fact, and the
facts are neither found by the Court, nor a statement of facts agreed upon by
the parties, although the judgment be taken by consent *pro forma*, and without
prejudice, it cannot stand on appeal, and the cause will be remanded.

APPEAL from the Sixth Judicial District.

The proceedings in this case grew out of a motion to set aside
a sheriff's sale. Several affidavits and depositions were taken
and submitted to the Court in the course of the hearing, and also
the record of the proceedings, judgment and sale, which were the
basis of the motion. The record shows that the case was elabo-
rately prepared, and argued, in the Court below; and, by con-
sent of parties, judgment was entered *pro forma*, without preju-
dice, overruling the motion. But an issue of fact was involved
in the motion, and no statement of facts agreed upon by the par-
ties, or found by the Court.

HEYDENFELDT, Justice.—This record discloses the trial by the
Court of a motion involving an issue of fact.

The judgment recites, "by consent of parties the motion is
overruled without prejudice to either party on appeal."

This judgment is *pro forma*, but it is unaccompanied by any
agreed statement of facts, and there is no finding by the Court.

In Russel *v.* Almador, we decided that without such finding
the judgment cannot stand. The agreed statement of facts can
be the only substitute for it.

The judgment is reversed, and cause remanded for a new trial.