[S. F. No. 172.   Department Two.—July 17, 1896.]

# THE J. L. MOTT IRON WORKS, RESPONDENT, v. WEST COAST PLUMBING SUPPLY COMPANY, APPELLANT.

SUMMONS — SERVICE ON PRESIDENT OF CORPORATION — JUDGMENT BY DE-
FAULT—MOTION TO VACATE—QUESTION OF FACT—SUPPORT OF FIND-
ING—DISCRETION.—Upon a motion to vacate a judgment by default
against a corporation, upon the ground that there was no service of the
summons upon the corporation, and that the one to whom the summons
was delivered was not the president or other officer of the corporation,
the question whether he was such is a question of fact for the court
below, and a finding that he was president of the corporation at the
time of the service will be sustained when the evidence upon the issue
is substantially conflicting and not so one-sided as to show an abuse of
discretion in making the finding.

ID.—DEFENSE TO ACTION IMMATERIAL.—When the motion to vacate the
judgment by default is not based upon mistake, inadvertence, surprise,
or excusable neglect, which might be relieved under section 473 of the
Code of Civil Procedure, but is made on the ground that the court has
no jurisdiction to render any judgment by reason of failure to serve
the summons, the question whether the facts stated in the application
to vacate the judgment constitute a defense to the action, is immaterial,
and cannot be considered.

APPEAL from an order of the Superior Court of the City and County of San Francisco denying a motion to vacate a judgment by default.   JOHN HUNT, Judge.

The facts are stated in the opinion of the court.

*Alexander G. Eells,* and *R. H. Countryman,* for Appellant.

There is no evidence to contradict the positive evidence that Fletcher F. Ryer was not the president or other officer of the corporation at the date of the attempted service.   There is no question of estoppel here. (*Norton* v. *Atchison etc. R. R. Co.,* 97 Cal. 388; 33 Am. St. Rep. 198.)   It should have been made to appear beyond a reasonable doubt that Mr. Ryer was in fact the actual president on December 20, 1893, otherwise the judgment is void.   (*Blanc* v. *Paymaster Min. Co.,* 95 Cal. 524; 29 Am. St. Rep. 149; *Kennedy* v. *Hibernia Sav. etc. Soc.,* 38 Cal. 153; *O'Brien* v. *Shaw's etc. Canal Co.,* 10 Cal. 343.)

*Crittenden Thornton,* and *F. H. Merzbach,* for Respondent.

The evidence is insufficient to show Ryer's resignation. (*Blankman* v. *Vallejo,* 15 Cal. 638; *Eel River Nav. Co.* v. *Struver,* 41 Cal. 616; Civ. Code, sec. 306; *Stratton* v. *Oulton,* 28 Cal. 44; *Spencer* v. *Champion,* 9 Conn. 536; *Congregational Soc. of Bethany* v. *Sperry,* 10 Conn. 200; *Slee* v. *Bloom,* 5 Johns. Ch. 377; *People* v. *Runkle,* 9 John. 147; *Trustees Vernon Soc.* v. *Hills,* 6 Cow. 23; 16 Am. Dec. 429; *McCall* v. *Byram Mfg. Co,,* 6 Conn. 428; *San Jose Sav. Bank* v. *Sierra Lumber Co.,* 63 Cal. 179.) As the evidence as to whether Ryer was president or not is conflicting, this court will not disturb the finding of the lower court. (*Norton* v. *Atchison etc. R. R. Co.,* 97 Cal. 388; 33 Am. St. Rep. 198.)

McFarland, J.—Each of the parties is a corporation. The action is for the recovery of the possession of certain personal property, or its value; and judgment by default was rendered for plaintiff. Afterward defendant made a motion for an order vacating and setting aside the judgment, and the default upon which it was entered, upon the ground that the court had never acquired jurisdiction of said defendant. The court denied the motion, and from the order denying it the defendant appeals.

The motion appealed from was not made upon the ground that the judgment was taken against appellant through its excusable neglect, etc., from which it might be relieved under section 473 of the Code of Civil Procedure, but it was based upon the alleged fact that there had never been any service of summons upon appellant, and that therefore there was no jurisdiction in the court to render the judgment.

The action was commenced on October 30, 1893, and proof was regularly made that service of the summons was duly made on the appellant at San Francisco, California, on December 20, 1893, by delivering a copy thereof, together with a copy of the .complaint, to

Fletcher. F. Ryer, who was then and there president of said defendant corporation. But appellant claims that at said time Ryer was not its president or officer of any kind.

The question, whether or not said Ryer was president of appellant, was one of fact for the court below; the court found that he was such president; and, unless the evidence on the issue was so one-sided against such finding as to show an abuse of discretion, we cannot disturb its conclusion. The case of appellant on this point rests entirely upon two affidavits, made by said Ryer, which were used on the hearing of the motion. In one of these affidavits he stated that on December 20, 1893 (the date of the service), and on October 30, 1893 (the date of the commencement of the action), and on April 17, 1893, he was not president or other officer, or director of the appellant, "and had not been for many months prior to said April 17, 1893." In his other affidavit he stated that he "was, up to August, 1892, the president of said defendant, at which time he re-. signed, and since which time he has not been connected with the defendant as president or other officer, or otherwise." But in contradiction of his affidavits, the plaintiff introduced certain testimony which he gave in December, 1884, in another case, in which he made an explanation of his asserted resignation as president in August, 1892, as follows: *"Mr. Freidenrich.* Q. How did you resign? Tell us just what you did. A. My impression is that I sent in a written resignation. Q. Sent it in where? A. I directed it to the board of trustees of the West Coast Plumbing Supply Company, and I probably put it on the desk there. I don't know. Q. Were you present at any meeting of the board at which this resignation was presented? A. No, sir. Q. Did you do anything more than write out a resignation, and leave it on the desk? A. Not that I recollect; no, sir. Q. That is all you did? A. So far as I can remember. Q. To whom did you deliver the resignation? A. I don't remember. Q. Did you deliver it to anyone?

A. I don't remember. I said I don't remember positively whether I had written a written resignation or not; but that is my impression. Q. Then you don't state positively that you ever wrote a resignation? A. No, I am not positive about it. Q. Will you state positively that you ever handed any person a written resignation? A. No, sir." It also appeared that the appellant moved its place of business in 1883 from 657 Market to First street, and that he moved with it. It further appeared from the affidavits of witnesses for the respondent, that until late in 1893, when they had their last business with the appellant, Ryer was acting for appellant, as usual, and, as they understood it, as president. It further appeared that as late as September 12 and 18, 1893, promissory notes made to the appellant were indorsed by Ryer as president. These facts are entirely inconsistent with his statement that he resigned as president in August, 1892—even supposing that the facts testified to by him constituted a resignation. There is no pretense that any other president was ever elected. It is said that Ryer's declarations could not bind or estop appellant. That is quite true; but they were admissible evidence to contradict the statements in the affidavits of Ryer, who was the only witness introduced by appellant on this point. It is a significant circumstance that the appellant did not introduce any record of the proceedings of the corporation to show any proceedings taken upon the alleged resignation of Ryer; and it is still more significant that no other officer, stockholder, or member of the corporation appellant appeared to deny in any form that Ryer *was* president at the time of the service. Under these circumstances, we cannot say that the evidence as to proper service was not—to say the least—substantially conflicting. And in such a state of the evidence, the conclusion of the court below cannot, upon well-established rules, be disturbed.

We need not examine the point, based on the affidavit of C. S. Arnold, that the cause of action set forth in the complaint had been settled and paid by a certain

promissory note.  Whether the facts stated in Arnold's affidavit would have constituted a defense to the action, if appellant had appeared and set them up, is not a question now before us.  The position taken by appellant on this appeal is that the court had no jurisdiction to render any judgment whatever in the case.  The case of *Norton* v. *Atchison etc. R. R. Co.*, 97 Cal. 388; 33 Am. St. Rep. 198, is not in point.  In that case the court below found that Wade, upon whom the service was made, was not the general managing agent of the corporation defendant; and we there said that " the evidence before the lower court was conflicting, and we would not be warranted in disturbing the finding of the lower court as to that fact."

The order appealed from is affirmed.

HENSHAW, J., and TEMPLE, J.; concurred.

Hearing in Bank denied.