[S. F. No. 1568.   Department Two.—June 22, 1899.]

J. B. WALLER, Respondent, v. F. F. WESTON, Appellant.

FORECLOSURE OF MORTGAGE—SERVICE OF SUMMONS—FALSE RETURN
—VACATION OF JUDGMENT—IMPROPER CONDITION AS TO COSTS.—
The defendant in an action to foreclose a mortgage, who was not served with summons, and against whom a false return of service thereof was made, has an absolute right, upon application within six months after entry of the judgment of foreclosure, and upon proof of the facts, to have the judgment vacated for want of jurisdiction, and the service of the summons quashed. The court has no power to impose costs as a condition to the vacation of the judgment; as the application is not made under section 473 of the Code of Civil Procedure, but is for the setting aside of a judgment which is void for want of jurisdiction.

ID.—KNOWLEDGE OF SUIT IMMATERIAL.—Actual knowledge by the defendant of the suit against him is immaterial, and cannot be the equivalent of legal service of the summons upon him, or require him to appear in the action, or warrant the court in entering judgment against him for failure to appear.

ID.—IMPROPER FINDINGS—MOTION TO STRIKE OUT.—The court cannot properly make findings of fact and conclusions of law, unless issues are joined, and a trial thereof is had; and they have no proper place in an action to foreclose a mortgage, in which there is no appearance of the defendant, and, if made, should be stricken out upon motion.

APPEAL from orders of the Superior Court of Contra Costa County imposing costs as the condition of vacating a judgment, denying the motion to vacate it for failure to comply with the condition, and refusing to strike out findings. Joseph P. Jones, Judge.

The facts are stated in the opinion of the court.

Fitzgerald & Abbott, for Appellant.

John T. Pidwell, and Black & Leaming, for Respondent.

HENSHAW, J.—F. F. Weston was defendant in an action to foreclose a mortgage. Summons was issued, and a return made by the sheriff showing personal service upon him. Upon his failure to answer, judgment was taken against him and a decree of foreclosure entered. A sale was had and a deficiency judgment docketed. The judgment was entered on the sixteenth day of October, 1897, and on the fifteenth day of February, 1898, Weston gave notice of his motion, supported by affidavits, to set aside the default and judgment and quash the service of summons, upon the ground that service of summons had never been made upon him, and that the court had never obtained jurisdiction over him. Upon the hearing, it seems to have been satisfactorily established that the defendant had never been served in the action, but that the sheriff by mistake had served his brother in his stead. After hearing, the court made a conditional order vacating the judgment and quashing service of the summons, provided that defendant pay to plaintiff within ten days the sum of one hundred and nine dollars. The defendant refused to comply with the terms of the order imposing costs as a condition to the vacation of the judgment.

This provisional order vacating the judgment and quashing service of summons upon terms was made upon April 1, 1898. After Weston's refusal to comply with its conditions the court, upon the twenty-fifth day of April, 1898, made and filed certain findings of fact, conclusions of law, and a so-called judgment, by which last order or so-called judgment the minute order of April 1, 1898, and Weston's refusal to comply with its terms being recited, his motion was denied absolutely. Defendant moved to strike from the files the so-called findings of fact and

conclusions of law, which motion was also denied. He then appealed from the minute order of April 1, 1898, vacating and setting aside the judgment and quashing service of summons provisionally and upon terms; from the so-called judgment and order of April 25, 1898, finally and absolutely denying his motion; and from the minute order of April 25, 1898, denying his motion to strike out the findings of fact and conclusions of law.

Appellant's motion was made, not upon the ground that the judgment had been taken against him through mistake, surprise, or his excusable neglect, but solely upon the ground that he had not been served with process at all. In making its conditional order quashing service of summons the court must have determined the fact to be in accordance with appellant's contention. Such being the case, appellant was not a suitor before the court under section 473 of the Code of Civil Procedure, seeking relief from his own error or mischance, and becoming entitled to such relief only by compliance with such proper terms as the court might exact; he was not seeking to be permitted upon terms to come in and answer; he was before the court insisting that it had never obtained jurisdiction over him, and that a judgment against him, void for want of jurisdiction, should be set aside. His case is like those considered in *Norton v. Atchison etc. R. R. Co.,* 97 Cal. 388, 33 Am. St. Rep. 198, and *Mott Iron Works v. West Coast Plumbing Co.,* 113 Cal. 341. Knowledge—even actual knowledge of the suit against him—was not the equivalent of legal notice and process, and did not make it compulsory upon him to appear in the action, or warrant the court in entering judgment against him for his failure so to do. (*In re Central Irr. Dist.,* 117 Cal. 382.) Under these circumstances, it was not within the power of the court to impose terms upon him as a condition to granting him an absolute right. For the right was absolute if the application for relief was timely presented. The motion was made within six months after the entry of judgment, and this is sufficient. (*People v. Temple,* 103 Cal. 447; *People v. Dodge,* 104 Cal. 487; *Young v. Fink,* 119 Cal. 107.)

The foregoing renders unnecessary any especial consideration of the second order wherein the rule was made absolute upon appellant's refusal to comply with the terms. As it was error

for the court to impose terms, the later order must fall with that determination.

Upon the appeal from the court's refusal to strike out its findings of fact and conclusions of law, it may be said that the issues of fact upon which findings are permitted or required are those specified in section 590 of the Code of Civil Procedure. Sections 632 and 633 of the same code provide that upon the trial of a question of fact by the court, and in giving its decision, the facts found and the conclusions of law must be separately stated, and judgment upon the decision must be entered accordingly. Notwithstanding the somewhat hasty declaration to be found in the very early case of *Semple v. Burkey*, 2 Cal. ,321, it is contemplated by our law that findings of fact shall be made only upon issues joined by the pleadings under section 590 of the Code of Civil Procedure, where the decision of the court following the findings is a judgment. Findings of fact and conclusions of law, therefore, had no proper place in this proceeding.

The orders appealed from are reversed.

McFarland, J., and Temple, J., concurred.