[Civil No. 815.   Filed March 20, 1903.]

[71 Pac. 926.]

CHARLES B. McLEAN et al., Defendants and Plaintiffs in Error, v. TERRITORY OF ARIZONA, by ARTHUR J. EDWARDS, District Attorney of Maricopa County, on the complaint of H. F. SECRIST et al., Plaintiff and Defendant in Error.

1. APPEAL AND ERROR—JUDGMENT—DEFAULT—REV. STATS. ARIZ. 1901, PAR. 1473, CONSTRUED.—Paragraph 1493, *supra,* providing that "an appeal or writ of error may be taken to the supreme court from any final judgment of the district court, rendered in civil cases . . . which the supreme court has jurisdiction to review," does not authorize an appeal or writ of error by a defendant against whom there has been entered a judgment by default.

2. Same—Same—Same—Process—Service by Publication—Motion—
to Set Aside—For New Trial—Jurisdiction—Rev. Stats. Ariz.
1901, Pars. 1342, 1480, Cited.—Paragraph 1342, *supra*, provides
that ''Where any defendant shall appear specially in any court in
this territory for the sole and only purpose of objecting to the juris-
diction of the court, whether said objection be sustained or denied,
such appearance shall not be held to be a general appearance or
to give the court jurisdiction.'' Paragraph 1480, *supra*, provides
that ''In cases in which judgment has been rendered on service
by publication, where the defendant has not appeared in person
or by an attorney of his own selection, a new trial may be granted
by the court, upon the application of the defendant, for good
cause shown, supported by affidavit filed within one year after
rendition of such judgment.'' Where judgment by default has
been rendered on service of process by publication, defendants not
having appeared, their remedy is to appear specially under para-
graph 1342, *supra,* or to move for a new trial as provided in
paragraph 1480, *supra,* and not by writ of error, the supreme court
having no jurisdiction in such case.

ERROR to the District Court of the Third Judicial District
in and for the County of Maricopa. Edward Kent, Judge.
Dismissed.

Appeal to United States supreme court perfected. No
mandate filed.

The facts are stated in the opinion.

C. F. Ainsworth, for Plaintiffs in Error.

J. H. Kibbey, A. C. Baker, and Walter Bennett, for De-
fendant in Error.

DOAN, J.—An action was brought on July 15, 1902, in the
district court of Maricopa County by A. J. Edwards, district
attorney, upon the complaint of H. F. Secrist et al., as
plaintiffs, in the nature of *quo warranto* proceedings against
C. B. McLean et al., defendants, for the purpose of inquiring
into the right of the said defendants to exercise the duties
and privileges of members of the board of directors of the
Keystone Copper and Gold Mining Company, a corporation,
wherein the plaintiffs prayed the judgment of the court that
the plaintiffs are the legally elected and qualified directors
of the said company; that the defendants are not the legally

elected and qualified directors thereof, and that the defendants surrender and deliver to the plaintiffs the books, papers, files, and property of the corporation; and that the plaintiffs have judgment for their costs.   The defendants were all residents of Pittsburg, Pennsylvania.   Service of summons by publication was had upon them and copies of the summons and complaint were mailed to them severally at that address.   Upon the failure of the defendants to file an answer, their default was on September 9, 1902, duly entered against them; and upon the trial of the case on September 10, 1902, upon motion of the plaintiffs, judgment by default was entered against the defendants, wherein it was adjudged by the court that "the said defendants are in default, and that the matters and things alleged against them, and each of them, in the said complaint, are taken to be by them confessed as true.   Wherefore it is adjudged by the court that the said defendants are each and all guilty of the unlawful intrusion into the office of members of the board of directors of the Keystone Copper and Gold Mining Company, a corporation organized under the laws of the territory of Arizona, and of usurping the same, and of excluding the above-named complainants therefrom. And it is further adjudged and decreed by the court that the said complainants . . . were . . . and are now the lawfully elected board of directors of the said . . . corporation, . . . and entitled to the exercise of the rights and privileges and to the discharge of the duties thereof, and the said defendants are, and each of them is, enjoined from interfering with the said complainants, or any of them, therein."

Thereafter, on November 19, 1902, the defendants sued out a writ of error removing the judgment rendered as aforesaid to this court for revision and correction, and afterwards, on December 9, 1902, filed in the lower court an assignment of error as follows:

"(1) The court erred in rendering judgment against the plaintiffs in error without first having obtained any jurisdiction whatever over either the person of the said plaintiffs in error or of the subject-matter of the action.

"(2) The court erred in rendering judgment against the plaintiffs in error without having first filed a statement of the evidence produced upon the trial of this cause, which should have been signed and approved by the judge, and made a part of the record hereof.

"(3) The court erred in rendering judgment against the plaintiffs in error on the pleadings, without first having heard and taken evidence to sustain the allegations in such pleadings.

"(4) The court erred in rendering judgment against the plaintiffs in error, in that said judgment was rendered and after the default of the plaintiffs in error was entered."

It seems to us that there are two reasons that preclude our reviewing this case; the one being that it calls for a review of a judgment by default without any motion having been made in the lower court to open the default and grant a new trial; wherein the court of original jurisdiction might have an opportunity to correct any errors that it might have committed, and the other reason being that if the lower court had no jurisdiction over the person of the defendants or the subject-matter of the action, as alleged, its judgment was absolutely void, and the proper procedure by the plaintiffs in error was by motion in the lower court rather than by review in this— the appellate—court.

The first error assigned would have been proper ground on which to base a motion to annul and vacate the judgment and dismiss the case, while the last three errors assigned would each have been proper ground upon which to base a motion for a new trial; and we seriously question the right of the plaintiffs in error to come into an appellate court to have an action of the lower court reviewed, without having ever presented these questions to the court of original jurisdiction for its action thereon. It is urged that our statute of 1901 provides, in paragraph 1493, that "an appeal or writ of error may be taken to the supreme court from any final judgment of the district court rendered in civil cases, and from any of the orders mentioned in section 1214, which the supreme court has jurisdiction to review." But under the New York statute relative to appeals, very similar to ours (section 348 of their code providing for an appeal "in all cases"), the court of appeals of that state, in *Flake* v. *Van Wagenen*, 54 N. Y. 25, said: "The sole question for our determination is whether the general term erred in dismissing the appeal on the ground that the judgment by default was not appealable. That it did not err is quite clear. The general term is an appellate tribunal clothed with power to review the errors of inferior tribunals and of the supreme court at the circuit or special

term.  As well said by the chancellor in *Gelston* v. *Hoyt,* 13
Johns. 561: 'The very theory and constitution of a court of
appellate jurisdiction only is the correction of errors which
a court below may have committed; and a court below cannot
be said to have committed an error when their judgment was
never called into exercise, and the point of law was never taken
into consideration, but was abandoned by the acquiescence or
default of the party who raised it.' . . . The remedy of a
party in such case is to apply to the court to have the default
opened, or to have the order or judgment set aside, and he can
thus obtain all the relief he ought to have. . . . The defendant
claims, however, that since the amendment of section 348 of
the code, in 1851, providing for an appeal to the general term
from a judgment entered upon the direction of a single judge
'in all cases,' an appeal from a judgment entered by default
may be taken.  This provision has reference to cases tried and
decided by single judges áfter hearing the parties, and where
judgment has been directed after examining the issues of law
or fact.  The section must have some such limitation.  A
party certainly could not appeal from a judgment to which
he had expressly assented, although entered under the direc-
tion of a single judge; and no more can he from a judgment
to which he has impliedly assented by his default.''  The later
decisions collated from states having statutes similar on this
point to ours and to that of New York all sustain the doctrine
enunciated in the decision quoted.

This brings us to the consideration of the second proposition
—that if the lower court had no jurisdiction over the person
of the defendants or the subject-matter of the action, as
alleged, its judgment was absolutely void, and the proper pro-
cedure by the plaintiffs in error was by motion in the lower
court, rather than by review in this—the appellate—court.
''The decided preponderance of authority justifies, or, rather,
requires, the court, on motion being made to vacate its judg-
ment because it was without jurisdiction over the person or
the subject-matter, to inquire whether such was the fact, and,
if so, to grant the relief sought.''  Freeman on Judgments,
sec. 98.  This seems to imply that the moving party can come
into court for the first time after judgment has been rendered,
for this purpose, and be heard by the trial court on this
subject.  This statement of the law is supported by all the

cases we have examined in which the relief was sought, as in this case, by writ of error or appeal. In *In re Martin*, 62 Kan. 638, 64 Pac. 43, the supreme court of Kansas said: "We are fully convinced that the district court acted without jurisdiction of the subject-matter, and that its judgment is void. If that court was without power to hear and determine the cause, it follows that this court cannot do so upon proceedings in error"; citing *Robertson* v. *State*, 109 Ind. 79, 10 N. E. 582. "The proceedings in error will be dismissed. All the justices concurring." In proceedings in error in equity cases to have judgments void for want of jurisdiction canceled, and execution thereon enjoined, the relief has been invariably denied upon the same ground—that the proper course would be by motion in the court of original jurisdiction. The cases cited in *Hockaday* v. *Jones*, 8 Okla. 156, 56 Pac. 1054, will be of interest on this subject: "Service in this case was by publication, but the defendant was a resident, and not concealed. Therefore the publication was inoperative to bring the defendant into court, and the judgment void for want of jurisdiction of the person. . . . *Insurance Co.* v. *Robbins*, 53 Neb. 44, 73 N. W. 269; *Freeman on Judgments*, 4th ed., sec. 117; 1 Black on Judgments, sec. 218. . . . Mr. Black, in the section of his work above cited, says: 'It is a familiar and universal rule that a judgment rendered by a court having no jurisdiction of either the parties or the subject-matter is void, and a mere nullity, and will be so held and treated whenever and wherever, and for whatever purpose, it is sought to be used or relied on as a valid judgment.' . . . In *Railway Co.* v. *Reynolds, supra*, [89 Mo. 146, 1 S. W. 208], the supreme court of Missouri says: 'If the justice of the peace had acquired no jurisdiction, as the petition alleges, the railway company has no need to come to a court of equity to enjoin proceedings which are void *ab initio*. If the judgment of the justice is void, then will the execution issued thereon be void, also, and equity will not interfere to do a nugatory act.' . . . In *Insurance Co.* v. *Robbins*, 53 Neb. 44, 73 N. W. 272, the supreme court of Nebraska says: 'A party against whom a judgment has been rendered by default, which judgment is void for want of jurisdiction over the person of the defendant, is not entitled to an injunction to restrain the enforcement of said judgment unless it appears, both from his pleadings and proof (1) that

he had a meritorious defense to the cause of action on which the judgment is based. . . . In *Railway Co. v. Wright*, [Tex. Civ. App.], 29 S. W. 1134, it is said: 'The better rule, however, and the one most usually applied, is that equity will not grant its extraordinary power to redress a grievance where an adequate remedy exists at law for the protection of the judgment debtor against a void judgment.' On the contrary, it appears, as matter of law, that he had a clear legal remedy, more speedy and adequate than the proceedings adopted. Section 586 of the Code of Civil Procedure, [Stats. 1893, p. 860], provides: 'The district court shall have power to vacate or modify its own judgments or orders at or after the term at which such judgment or order was made. . . . (3) For mistake, neglect, or omission of the clerk, or irregularity in obtaining a judgment or order.' While we think that the provisions of the code relating to vacating and modifying judgments do, in their general scope and purpose, apply to proceedings that are irregular and voidable, yet we think that a judgment absolutely void may be set aside, upon motion under the third subdivision of section 586, as having been irregularly obtained. . . . Irregularity may consist in an omission or departure from the principles of 'due process of law,' as well as in procedure. In *Bankers' Life Ins. Co. v. Robbins*, 53 Neb. 44, 73 N. W. 269, the supreme court of Nebraska, in a case identical in almost every question with the one we are considering, on this point says: 'While we think that the provisions of said section of the code specially apply to voidable judgments, we do not doubt that one against whom a judgment has been rendered which is void for want of jurisdiction may have such judgment set aside, under the third subdivision of said section of the code, as having been irregularly obtained.' If the judgment against Jones was absolutely void, a proceeding in equity to annul it would be nugatory; for there is nothing to annul, and there is no wrong against him to redress or relieve from. . . . Therefore no cause of action exists to him.''

Where such course has been pursued in the lower courts the practice has invariably been sustained when reviewed by the appellate courts. In the case of *Waller v. Weston*, 125 Cal. 201, 57 Pac. 892, the lower court was reversed for denying a motion to vacate such a judgment. Weston was defend-

ant in an action to foreclose a mortgage. Upon his failure to answer, judgment was taken against him, and a decree of foreclosure entered. Weston moved to set aside the default and judgment, and quash the service of summons, upon the ground that service of summons had never been made upon him, and that the court had never obtained jurisdiction over him. After hearing, the court made a conditional order vacating the judgment. The defendant refused to comply with the terms of the order imposing costs as a condition to the vacation of the judgment. After such refusal the court entered and filed a judgment by which the motion was denied absolutely. Defendant's motion to strike from the files such ruling was also denied. He then appealed from these orders. The supreme court of California, in reversing the order of the lower court denying the motion to vacate the judgment, says: "Appellant's motion was made, not upon the ground that the judgment had been taken against him through mistake, surprise, or his excusable neglect. . . . He was not seeking to be permitted, upon terms, to come in and answer. He was before the court, insisting that it had never obtained jurisdiction over him, and that a judgment against him, void for want of jurisdiction, should be set aside. His case is like those considered in *Norton* v. *Atchison etc. R. R. Co.*, 97 Cal. 388, 30 Pac. 585, 33 Am. St. Rep. 198, and 32 Pac. 452, and *Mott Ironworks* v. *West Coast P. S. Co.*, 113 Cal. 341, 45 Pac. 683. Under these circumstances, it was not within the power of the court to impose terms upon him as a condition to granting him an absolute right. For the right was absolute, if the application for relief was timely presented. The motion was made within six months after the entry of judgment, and this is sufficient. . . . The foregoing renders unnecessary any especial consideration of the second order, wherein the rule was made absolute upon appellant's refusal to comply with the terms. As it was error for the court to impose terms, the later order must fall with that determination. . . . The orders appealed from are reversed."

The record in the case at bar brings it within the law as declared in the cases above cited. This was a judgment by default, rendered on service of process by publication, where the defendants did not appear in person or by attorney.

Our statute (paragraph 1342) provides: "Where any defendant shall appear specially in any cause in any court in this territory for the sole and only purpose of objecting to the jurisdiction of the court whether said objection be sustained or denied, such appearance shall not be held to be a general appearance or to give the court jurisdiction."

Paragraph 1480 provides: "In cases in which judgment has been rendered on service of process by publication, where the defendant has not appeared in person or by an attorney of his own selection, a new trial may be granted by the court, upon the application of the defendant, for good cause shown, supported by affidavit filed within one year after rendition of such judgment."

Under the provisions of paragraph 1342 the defendants might have appeared in the lower court, at the time they sued out their writ of error, for the special purpose of objecting to the jurisdiction of the court, and might have moved the vacating of the judgment on that ground, or they could, and can yet, at any time within one year from the date of the judgment, move, under paragraph 1480, for a new trial for the correction of this or the other errors assigned herein.

In accordance with what we consider the correct declaration of the law in such cases, that, so long as a party has a right to apply to the court of original jurisdiction for the correction of errors, he cannot invoke the powers of an appellate tribunal for that purpose (*Beach* v. *Mosgrove* (C. C.) 16 Fed. 305), we shall leave the plaintiffs in error to their remedy in the lower court.

The proceedings in error will be dismissed.

Sloan, J., and Davis, J., concur.