[Civ. No. 7028.   First Appellate District, Division Two.—November 5, 1929.]

In the Matter of the Guardianship of LEON PRINCIPAL, Jr., a Minor. PEARL MOOSLIN, Respondent, v. LEON PRINCIPAL, Appellant.

A. A. Garrett, Stoner & Gardner and A. V. Dalrymple for Appellant.

Joseph A. Brown for Respondent.

STURTEVANT, J.—The petitioner applied to be appointed guardian of Leon Principal, Jr., a minor. Notice of the application was served on the father of the minor and a hearing was had before the trial court. The court made an order granting the petition, and from that order the father has appealed and has brought up a typewritten record.

The parents were married October 28, 1922. They were divorced by a final decree of divorce September 14, 1928. The mother died September 27, 1928. On October 16, 1928, this petitioner filed a petition asking to be appointed guardian of the minor. Among other things she alleged probative facts to the effect that the child's father had forfeited his right to be appointed guardian. (Civ. Code, sec. 246, subd. 4.) On October 18, 1928, the father filed an application asking that the decree in the divorce action be modified and that the custody of the minor be. awarded to him. Neither pleading was answered. By stipulation the petition for letters and the application to modify the divorce decree were set down for hearing in the same court at the same time. The application for a modification was not called up for hearing and the moving party did not attempt to

introduce any evidence thereon. ■ As no answer was required by the statute and none was filed denying the allegations set forth in the petition of Mrs. Mooslin, there was no "issue of fact" within the meaning of sections 590 and 632 of the Code of Civil Procedure, and no "issue joined" within the meaning of section 1717 of the Code of Civil Procedure. (*Waller* v. *Weston,* 125 Cal. 201 [57 Pac. 892].) Therefore findings were not required. No findings were asked and none, in name, was made. ■ But in the order granting the petition for letters there were inserted some recitals, among others: " . . . that said minor has been abandoned by his father Leon Principal within the meaning of subdivision 4 of section 246 of the Civil Code of the state of California." The father contends that the trial court erred in finding that the said minor, Leon Principal, Jr., had been abandoned by his father. The point is not well taken for several reasons. As we have pointed out, there were no findings. Nevertheless, if we call the passage above quoted a finding, it is apparent at once that it is a conclusion of law as distinguished from a finding of fact. Moreover, if we treat the language referred to as a finding of fact, and if we concede, as the applicant contends, that it is not supported by the evidence, the judgment of the trial court may not be disturbed. This is so because the petitioner had alleged that the appellant, having the ability so to do, failed to maintain his minor child for more than two years prior to October 16, 1928. That allegation was supported by an abundance of evidence. Nothing to the contrary appearing, we must assume that the trial court believed it and based its decree thereon. As subdivision 4 of section 246 is in the disjunctive, this fact alone warranted the trial court in holding that the father had forfeited his rights to be appointed guardian or to be awarded the custody of the minor.

■ The appellant also contends that the trial court erred because it made no finding as to the incompetency of the father. The petition contained no allegation on the subject, and the application to modify the decree of divorce was not called up for a hearing; therefore there was no issue of competency on which to base a finding.

We find no error in the record. The judgment is affirmed.

Koford, P. J., and Nourse, J., concurred.