[*Civ. No. 2635. Fourth Dist.*—April 3, 1941.]

ELLEDGE R. PENLAND, Appellant, v. STELLA GOOD-MAN, Respondent.

Elledge R. Penland, *in pro. per.*, for Appellant.

Clarence A. Jones and Willis O. Tyler for Respondent.

CONWAY, J., *pro tem.*—This is an appeal from an order granting respondent's motion to vacate and set aside a default judgment and all subsequent proceedings against her

upon the ground that she had never been served with process and was not in any manner before the court. The plaintiff, who appears *in propria persona,* filed a complaint in the superior court seeking specific performance of an alleged contract for the sale of real estate. His second amended complaint, upon which the default was entered, was filed April 22, 1937, and summons was issued thereon April 2, 1938. Thereafter, on April 27, 1938, an affidavit of a process server was filed to the effect that he had served Stella Goodman, the respondent, on April 23, 1938, by leaving with her a copy of said summons, to which was attached a copy of the amended complaint referred to therein. Upon the request of the plaintiff the default of Stella Goodman was entered May 4, 1938, and judgment was thereafter entered against her November 25, 1938, six months and sixteen days after entry of the default by the clerk. Notice of entry of judgment was served upon respondent November 29, 1938. On December 9, 1938, the respondent filed and served upon plaintiff a notice of intention to move to set aside the judgment and all subsequent proceedings. The motion was supported by an affidavit of the respondent which averred that no summons or complaint was ever served upon her and that she had not been informed that an action was instituted against her until she received, through the mail, an alleged copy of the judgment. Her affidavit in support of the motion to set aside the default contained the necessary averments that she had a meritorious defense to the action, and prayed that the default and judgment entered thereon be vacated and that she be allowed to answer. The motion to vacate was heard upon sharply conflicting affidavits and oral testimony and the court, on December 15, 1938, directed the entry of a minute order to the effect that the motion was granted. The plaintiff prosecutes this appeal from said order.

The appellant contends that the court had no "power" to grant the motion for the reason that the entry of respondent's default by the clerk of the court more than six months prior to the granting of the order vacating the judgment constituted a final judgment within the meaning of section 473 of the Code of Civil Procedure and that the trial judge had no "power", in the absence of a showing of fraud, to set aside the default and judgment entered thereon within the

16

year provided in sections 473 and 473a of the Code of Civil Procedure.

■ Since the affidavits and evidence presented upon the hearing of the motion to vacate the default judgment were sharply conflicting upon the question of whether or not respondent was personally served with summons as required by law, we cannot disturb the finding of the trial court in this respect whatever might be our feeling with respect to the weight of the evidence. (*Hammond Lumber Co.* v. *Gilkey,* 120 Cal. App. 252, 259 [7 Pac. (2d) 724]; *Ingrim* v. *Epperson,* 137 Cal. 370, 372 [70 Pac. 165].) Therefore, the sole matter presented at the hearing of the motion to vacate the judgment was the question of actual personal service of the summons and complaint, and the minute order of the court granting respondent's motion is conclusive upon this court. We shall therefore discuss the issues presented upon the assumption that the respondent was an entire stranger to all of the proceedings and was never, in fact, served with process.

It is conceded that the judgment in question was not *void on its face* and no question of *fraud* was raised by respondent before the superior court. Consequently those matters are not involved on this appeal. ■ The sole legal question involved, therefore, is whether a party against whom a default judgment was entered and who was not served with summons and complaint may, within a year after the entry of a judgment based upon an alleged service, have the same set aside on motion under the provisions of sections 473 and 473a of our Code of Civil Procedure. There are many California cases directly in point on this matter and we have not found any conflict in the decisions with respect to the right of a person to set aside such a judgment within a year after its entry. Section 473a of our Code of Civil Procedure (enacted in 1933), reads as follows:

"When from any cause the summons in an action has not been personally served on the defendant, the court may allow, on such terms as may be just, such defendant or his legal representatives, at any time within one year after the rendition of any judgment in such action, to answer to the merits of the original action."

In the case of *Waller* v. *Weston,* 125 Cal. 201 [57 Pac. 892], the court had under consideration a case where a party appealed from a default judgment entered against him and in

which he was not personally served with summons. The judge of the superior court refused to vacate the judgment and in reversing this order the court, at page 203, said:

"Appellant's motion was made, not upon the ground that the judgment had been taken against him through mistake, surprise, or his excusable neglect, but solely upon the ground that he had not been served with process at all. In making its conditional order quashing service of summons the court must have determined the fact to be in accordance with appellant's contention. Such being the case, appellant was not a suitor before the court under section 473 of the Code of Civil Procedure, seeking relief from his own error or mischance, and becoming entitled to such relief only by compliance with such proper terms as the court might exact; he was not seeking to be permitted upon terms to come in and answer; he was before the court insisting that it had never obtained jurisdiction over him, and that a judgment against him, void for want of jurisdiction, should be set aside. His case is like those considered in *Norton* v. *Atchison etc. R. R. Co.*, 97 Cal. 388 [30 Pac. 585, 32 Pac. 452, 33 Am. St. Rep. 198], and *Mott Iron Works* v. *West Coast Plumbing Co.*, 113 Cal. 341 [45 Pac. 683]. Knowledge—even actual knowledge of the suit against him—was not the equivalent of legal notice and process, and did not make it compulsory upon him to appear in the action, or warrant the court in entering judgment against him for his failure so to do. (*In re Central Irr. Dist.*, 117 Cal. 382 [49 Pac. 354].)"

■ However, the power and authority of a court to vacate a judgment not void on the face of the judgment roll but void *in fact* for want of jurisdiction of the person of the defendant by reason of nonservice of process upon such defendant, exists independently of the provisions of section 473 of the Code of Civil Procedure or of any other statutory provisions, if the motion is made within a reasonable time. (*Norton* v. *Atchison etc. R. R. Co.*, 97 Cal. 388 [30 Pac. 585, 32 Pac. 452, 33 Am. St. Rep. 198]; *Mott Iron Works* v. *West Coast Plumbing Supply Co.*, 113 Cal. 341 [45 Pac. 683]; *Waller* v. *Weston, supra*; *Smith* v. *Jones*, 174 Cal. 513 [163 Pac. 890]; *George Frank Co.* v. *Leopold & Ferron Co.*, 13 Cal. App. 59, 65 [108 Pac. 878].) Respondent's motion was made pursuant to the provisions of section 473a of the Code of Civil Procedure, which was enacted in 1933, and this par-

ticular section was construed in the case of *Doxey* v. *Doble,* 12 Cal. App. (2d) 62 [54 Pac. (2d) 1143], where the court had under consideration the identical question presented upon this appeal and, in construing section 473a, said:

"But, as will be seen, the provisions of section 473a cover an entirely different class of cases, namely, those where there has been no personal service of summons, and consequently no default on the part of the defendant brought about by his own omission from which he seeks to be relieved on the ground of his mistake, inadvertence, surprise, or excusable neglect; and in such cases it was evidently the intention of the legislature, as indicated by the plain provisions of said code section, to allow the trial court one year after the rendition of a judgment within which it may exercise its discretionary power in granting appropriate relief to enable the defendant to answer to the merits of the action."

In the case of *Gray* v. *Lawlor,* 151 Cal. 352 [90 Pac. 691, 12 Ann. Cas. 990], the court had the same question here involved under consideration under the former provisions of section 473, which has been copied *verbatim* in the second code section of 473a, enacted in 1933, and directly held that a defendant is not required to present any excuse for his failure to appear in the action except that he was not personally served with summons. The court, in that case, points out the obvious fact that it would be utterly futile to require a defendant to make any further showing for the reason that he would be ignorant of the entire proceedings in court, as far as any actual legal notice is concerned.

The same section was further construed in *Altpeter* v. *Postal Telegraph-Cable Co.,* 25 Cal. App. 255 [143 Pac. 93], as follows:

"The above quoted provision of section 473 was intended to mean something. It cannot be treated as a provision having no substantial or vital purpose in its enactment. The section plainly says that, where, from any cause, a defendant has not been personally served with summons, he may, within a year after the rendition of judgment, answer to the merits of the action."

Our Supreme Court, in the very recent case of *Estate of Estrem,* 16 Cal. (2d) 563 [107 Pac. (2d) 36], construed sections 473 and 473a of the Code of Civil Procedure and expressly held that the court "may set aside a default judg-

ment or order issued without proper jurisdiction over the person of a defendant who at no time was before the court if motion for such relief is made within one year". In construing these two sections the court there held that the amendment in nowise changed the effect of section 473 of the Code of Civil Procedure prior to 1933, with respect to the right to vacate default judgments, where the defendant had not been served with process. In discussing these matters, the court says:

"These principles were not changed by the amendment of 1933 adding the above quoted provision to section 473 of the Code of Civil Procedure. We need not be concerned with the proper characterization of such proceedings as a direct or collateral attack. Long prior to this amendment it was well established that the superior court had jurisdiction *at any time* to set aside a judgment or order *void on its face*. (*Capital Bond etc. Co.* v. *Hood*, 218 Cal. 729 [24 Pac. (2d) 765]; *Baird* v. *Smith*, 216 Cal. 408 [14 Pac. (2d) 749]; *Reher* v. *Reed*, 166 Cal. 525 [137 Pac. 263, Ann. Cas. 1915C, 737]; *In re Dahnke*, 64 Cal. App. 555 [221 Pac. 381]; *Vaughn* v. *Pine Creek Tungsten Co.*, 89 Cal. App. 759 [265 Pac. 491]; *People* v. *Greene*, 74 Cal. 400 [16 Pac. 197, 5 Am. St. Rep. 448]; *People* v. *Temple*, 103 Cal. 447, 453 [37 Pac. 414]; *Michel* v. *Williams*, 13 Cal. App. (2d) 198 [56 Pac. (2d) 546].) It was further settled that it had the power *within a reasonable time,* which by analogy to Code of Civil Procedure, section 473a, was limited to one year, to set aside a *default* judgment or order void, not on its face, but because of want of jurisdiction over the person of a defendant who had at no time been present in the proceedings. (*Richert* v. *Benson Lumber Co.*, 139 Cal. App. 671 [34 Pac. (2d) 840]; *Smith* v. *Jones*, 174 Cal. 513 [163 Pac. 890]; *In re Dahnke, supra; Barnett* v. *Reynolds*, 124 Cal. App. 750 [13 Pac. (2d) 514]; *Vaughn* v. *Pine Creek Tungsten Co., supra.*) In addition, a judgment could be attacked at any time either by motion or in an independent action in equity on the grounds that it was secured by extrinsic fraud. (*McGuinness* v. *Superior Court,* 196 Cal. 222 [237 Pac. 42, 40 A. L. R. 1110]; *McKeever* v. *Superior Court,* 85 Cal. App. 381 [259 Pac. 373]; *Kasparian* v. *Kasparian*, 132 Cal. App. 773 [23 Pac. (2d) 802]; *Tomb* v. *Tomb*, 120 Cal. App. 438 [7 Pac. (2d)

1104] ; *Kronman* v. *Kronman,* 129 Cal. App. 10 [18 Pac. (2d) 712].) ''

In the light of the foregoing authorities construing section 473a of the Code of Civil Procedure, under which the motion was made and granted in this case, it seems clear that the relief granted respondent in setting aside the default judgment entered against her within the year, where she was not served with process, conforms to the universal rule in this state. Under the circumstances, neither the question of *extrinsic fraud* nor of a judgment *void on its face* is involved on this appeal.

The order appealed from is affirmed.

Barnard, P. J., and Marks, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied May 29, 1941.