[Civ. No. 23395. Second Dist., Div. Three. Nov. 26, 1958.]

FRED BATTE et al., Plaintiffs and Appellants, v. C. L. BANDY et al., Defendants; COLE INVESTMENT COMPANY, INC. (a Corporation), Respondent.

[Civ. No. 23355. Second Dist., Div. Three Nov. 26, 1958.]

FRED BATTE et al., Petitioners, v. SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent; COLE INVESTMENT COMPANY, INC. (a Corporation), Real Party in Interest.

[Civ. No. 23380. Second Dist., Div. Three. Nov. 26, 1958.]

FRED BATTE et al., Respondent, v. C. L. BANDY et al., Defendants; COLE INVESTMENT COMPANY, INC. (a Corporation), Defendant and Appellant.

[Civ. No. 23079. Second Dist., Div. Three. Nov. 26, 1958.]

COLE INVESTMENT COMPANY, INC. (a Corporation), Petitioner, v. SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent; FRED BATTE et al., Real Parties in Interest.

J. B. Tietz and Edward Raiden for Plaintiffs and Appellants Batte.

Brown & Brown, Paul P. Selvin, Aaron Sapiro and Charles M. Arak for Defendant and Appellant Cole Investment Company.

Harold W. Kennedy, County Counsel (Los Angeles), and William E. Lamoreaux, Assistant County Counsel, for Respondent Superior Court.

PATROSSO, J. pro tem.*—All of the above entitled proceedings present the single basic question, namely: the validity

---

*Assigned by Chairman of Judicial Council.

of the service of process in the action hereinafter referred to upon Cole Investment Company, a defendant therein, and in consequence the validity of the ensuing judgment by default entered therein against said defendant.

On May 16, 1955, Fred Batte and others, hereinafter referred to as plaintiffs, instituted an action in the Superior Court of Los Angeles County against C. L. Bandy and a number of other defendants including Cole Investment Company, hereinafter referred to as Cole, a California corporation, seeking a money judgment. No summons was issued upon the original complaint but on May 20, 1955, an amended complaint was filed and summons issued thereon.

On May 21, 1956, Mr. Raiden, the attorney for the plaintiffs in said action, presented to the superior court his affidavit reading as follows:

"EDWARD RAIDEN, being duly sworn, deposes and says: That he is an attorney at law. That he has had discussions with many parties in the above-entitled action as the result of the bankruptcy of the National Pacific Timber Products Company. That the Cole Investment Company and Consolidated Kiln Drying and Milling Corporation are corporations owned and operated by the defendants Cecil L. Bandy and Ruth C. Bandy. That in other proceedings these corporations were represented by Lloyd Seay, Esq. That affiant, almost a year ago, asked Lloyd Seay to accept service for these corporations and for the Bandys. That affiant was advised that Mr. Seay would take it up with his clients, and affiant sent a copy of the summons and complaint to Mr. Seay. That thereafter Mr. Seay advised he could not secure the consent necessary. That, despite diligent efforts, no service can be made on the said two corporations or on the Bandys.

"WHEREFORE, it is necessary, and respectfully requested that an order be made directing personal service be made on the Secretary of State as the agent of the said corporations pursuant to the provisions of # 3302, Corps. Code."

Accompanying this affidavit was a communication addressed to the attorney from the office of the Secretary of State of California to the effect that Cole Investment Company was a California corporation; that its principal office was in Los Angeles County; that it was in good standing and had not designated any agent for the service of process. Upon this showing alone the court on May 21, 1956, made an order which, after reciting that it appeared that Cole Investment

Company was a California corporation and had "not filed any designation of agent for the service of process"; directed that service upon said corporation be made by delivering to the Secretary of State or to any person employed in his office in the capacity of assistant or deputy one copy of the process together with a copy of the order authorizing such service. Thereafter a certificate of service was filed showing that service of summons in the action upon the defendant Cole Investment Company had been made by service upon a deputy Secretary of State on June 4, 1956. On July 18, 1956, there was filed in said action an affidavit of a deputy County Clerk of Los Angeles County reciting that pursuant to section 3303 of the Corporations Code she posted process "consisting of Amended Complaint, Summons on Amended Complaint, Order for Service, at the Courthouse of said County," for a period of 30 days commencing on the 14th day of June, 1956.

No answer having been filed by Cole the court on August 21, 1956, entered the default of said defendant. On January 25, 1957, Cole filed its written notice of motion to set aside the default upon the ground that there had been no valid service of process upon it. This motion was heard on February 19, 1957, and denied. Nothing further appears to have been done in the action until December 10, 1957, when a default judgment was entered against Cole in the total sum of $130,601.17. On December 23, 1957, Cole filed its notice of motion to set aside the default and the judgment entered thereon upon the ground that the same was void in that no valid service had been made upon it. This motion was heard and denied by a minute order on February 10, 1958. On February 10, 1958, Cole filed its notice of appeal from this last named order and the judgment as well as from the order denying its prior motion to vacate the default. This is No. 23380.

On March 11, 1958, Cole filed in this court its petition for writ of prohibition to restrain the superior court from taking any further steps or proceedings looking toward the enforcement of said default judgment and commanding said superior court to vacate said default and default judgment. This is Number 23079. Following the filing of this petition this court issued its alternative writ directing the said superior court to show cause why a peremptory writ should not be issued commanding it to vacate said default and judgment. Upon the return to the alternative writ it was made

to appear that the superior court had on May 20, 1958, made a minute order vacating the default and default judgment whereupon this court dismissed the proceeding as moot. Thereafter, upon petition of the real parties in interest the Supreme Court granted a hearing in said matter and ordered the same transferred to it and subsequently retransferred the same to this court for further consideration.

On June 4, 1958, the plaintiffs filed their notice of appeal to the Supreme Court from the order of the superior court of May 20, 1958, vacating the default and default judgment. This appeal was by the Supreme Court transferred to this court and is Number 23395.

On June 25, 1958, the plaintiffs filed their petition in the Supreme Court for a writ of mandate or other appropriate writ commanding the superior court to vacate its said order of May 20, 1958, vacating the default and default judgment. Upon the filing of said petition the Supreme Court issued an order to show cause why the relief therein prayed for should not be granted and later transferred the matter to this court for hearing. This is proceeding Number 23355.

▇ Whether the service of process upon the Secretary of State constituted a valid service upon Cole depends upon whether the superior court, upon the showing made, was authorized to make the order for service in this manner.

There can be no doubt that, if jurisdiction to issue the order for service upon the Secretary of State was dependent upon a sufficient showing by affidavit of facts disclosing that personal service of process could not be made on Cole with the exercise of due diligence in any other manner provided by law, as will hereinafter be shown to be the case, the affidavit of plaintiffs' attorney hereinabove set forth must be regarded as fatally insufficient to have conferred jurisdiction on the superior court to issue its said order for such substituted service. Said affidavit, except for certain immaterial averments, merely states as a conclusion "That, despite diligent efforts" no service could be made on Cole. The affidavit is wholly devoid of what efforts, if any, were made to serve Cole. Indeed, it does not appear from the affidavit that the plaintiffs were unaware of the identity or residence of Cole's officers. For aught that appears both the identity and location of such officers may have been known to the plaintiffs or some of them and yet the affidavit is entirely silent as to whether the affiant made any inquiry of them for the purpose of ascertaining such fact.

Affidavits devoid of averments of facts showing that due diligence was exercised to make service have consistently been held to be insufficient, and orders for service by publication based on affidavits similar to the affidavit of plaintiffs' attorney herein have uniformly been held to have been beyond jurisdiction and void. (*Kahn* v. *Matthai,* 115 Cal. 689, 692 [47 P. 698] ; *Narum* v. *Cheatham,* 127 Cal.App. 505, 507 [15 P.2d 1106] ; see also *Hennessy* v. *Hall,* 14 Cal.App. 759, 762-763 [113 P. 350] and *Nelson* v. *Superior Court,* 9 Cal.2d 729, 731-732 [73 P.2d 232].)

█ It is contended by plaintiffs, however, that the provisions of section 3302 of the Corporations Code, as distinguished from the requirements of section 412 of the Code of Civil Procedure governing the issuance of orders for publication of summons, authorize an order for substituted service on the Secretary of State upon mere showing that a domestic corporation has not filed a designation of an agent for purpose of service of process; and that it is not a jurisdictional condition precedent to the issuance of an order for substituted service that a showing be made by affidavit that personal service cannot be made with the exercise of due diligence on the corporation in any other manner provided by law. The contention is without merit.

Section 3302 of the Corporations Code provides, as follows: "If designation of an agent for the purpose of service of process has not been filed with the Secretary of State, or if the agent designated cannot with due diligence be found at the address designated for personal delivery of the process, *and it is shown by affidavit* to the satisfaction of a court or judge *that personal service of process against a domestic corporation cannot be made with the exercise of due diligence* upon the designated agent *or in any other manner provided by law* the court or judge may make an order that the service be made upon the corporation by delivering by hand to the Secretary of State . . . one copy of the process for each defendant to be served, together with a copy of the order authorizing such service. Service in this manner constitutes personal service upon the corporation." (Emphasis added.)

To construe section 3302 in accordance with plaintiffs' contention would, in the first place, be tantamount to ignoring and failing to give any meaning to the provisions of said section requiring that it be shown by affidavit that *"personal service of process against a domestic corporation cannot be*

*made"* with the exercise of due diligence upon the designated agent *"or in any other manner provided by law."* On the other hand, said provisions are given meaning and effect if they are construed as requiring, as a condition precedent to the issuance of an order for such substituted service, a showing by affidavit that the corporation cannot be served with the exercise of due diligence in any other manner provided by law. Respect for the principles of fair play and due process also support the conclusion that, where authorization is sought to effect service other than by personal service, a showing should be required that personal service cannot otherwise be made with the exercise of due diligence, and all doubts should be resolved in favor of a construction requiring such a showing in construing particular statutory provisions.

 In the second place, section 3302 of the Corporations Code must be construed together with and read in the light of the provisions of section 411 of the Code of Civil Procedure. In fact, section 3300 of the Corporations Code expressly provides: "Subject to the provisions of Section 411 of the Code of Civil Procedure, process may be served upon domestic corporations as provided in this part." (Part 7, tit. 1, div. 1 of Corp. Code, including said § 3302.)

Said section 411 provides that summons in a suit against a domestic corporation "must be served" by delivering a copy thereof to the president or other specified officers or agents of the corporation; and it further provides that, *if no such officer or agent of the corporation can be found within the State after diligent search*, then service may be made by delivering a copy of the summons to the Secretary of State "as provided in Sections 3301 to 3304, inclusive, of the Corporations Code."

Construing section 411 together with section 3302, it is evident that it must be shown that summons cannot be served in the manner specified and required by the provisions of section 411 of the Code of Civil Procedure before process may be served as provided in the Corporations Code.

 Assuming for the purposes of this discussion as plaintiffs contend, that section 411 merely requires that "diligent search" be made to find an officer or agent of the corporation within the State rather than that due diligence be exercised to make service and that section 411 does not require the filing of an affidavit showing "diligent search," the affidavit is wholly insufficient in that it fails to disclose that any effort

was made to locate any officer within the state. Moreover this contention entirely ignores the further requirement of section 411 that service, *in cases where no officer or agent can be found within the state,* must be made by delivering a copy of the summons to the Secretary of State "as provided in Sections 3301 to 3304, inclusive, of the Corporations Code." This provision necessarily implies that some effort must be made to locate an officer or agent within the state before service may be made in the manner provided by the Corporations Code.

Section 3302 of the Corporations Code as previously discussed clearly requires a showing that due diligence was exercised to make service; and, since the affidavit for authorization of substituted service herein neither shows that due diligence was exercised to make service in other manner provided by law nor that no officer or agent or agent of the corporation could be found within the state after diligent search, said affidavit was inadequate and insufficient to invest the superior court with jurisdiction to issue its said order for such substituted service.

It is established that, where orders for publication of summons are void by reason of the insufficiency of the affidavits therefor, defaults and default judgments entered and rendered on service made pursuant thereto are likewise void on their face, and should be set aside. (*Narum* v. *Cheatham,* 127 Cal.App. 505, 507 [15 P.2d 1106]; *Morgan* v. *Clapp,* 207 Cal. 221, 224 [277 P. 490].) No reason appears why the same rule should not apply to a default and default judgment entered on substituted service made pursuant to an insufficient affidavit and void order for substituted service such as that here.

Plaintiffs contend, however, that in addition to the purported substituted service, personal service was made upon Cole on July 26, 1956, by delivering a copy of the summons and amended complaint to Cecil L. Bandy, who was also a defendant in the action and who it is asserted was Cole's beneficial owner and *alter ego*; and that, by reason thereof, the default and default judgment were based on sufficient service.

The record, however, clearly shows that the default and default judgment were entered and rendered on the basis of the purported substituted service made upon the Secretary of State, and not on the basis of any purported service made

on petitioner by the delivery of a copy of the summons and amended complaint to said Cecil L. Bandy.[1]

Further, there was nothing before the superior court either on August 21, 1956, when the default was entered or on December 10, 1957, when the default judgment was rendered, which could or would have warranted the entry of default or the rendering of said default judgment upon the basis that petitioner had been personally served by reason of the said service on Cecil L. Bandy. No affidavit of service averring service upon Cole on July 26, 1956, by serving said Bandy was ever filed until March 14, 1958,[2] three days after Cole filed its petition for writ of prohibition in this court; and the present contention that jurisdiction to render the default judgment existed by reason of the service on said Bandy is obviously a belated afterthought without support in the record.

It is next contended by plaintiffs that an application for relief from a default judgment is addressed to the discretion of the trial court; and that, where conflicting affidavits are presented from which the conclusion could be drawn that the moving party had actual knowledge of the pendency of the action, an order denying relief from default will not be disturbed because relief under either section 473 or 473a of the Code of Civil Procedure is predicated upon the moving party's lack of actual notice of the action.

Such is undoubtedly true in case of a motion made under section 473 for relief on the ground of mistake, inadvertence, surprise or excusable neglect, or in the case of a motion made under section 473a for relief from a valid judgment based on a valid constructive service.

The motions herein were, however, made primarily on the ground that the service, the default and the default judgment were void on their face. In such case, it is established that the motions are not within the purview of sections 473 or 473a; that the time limitations of said sections do not apply; that motion on the ground that the entry of default and the default judgment were void can be made at any time;

---

[1]The default entry reads as follows: "It appearing to the Court from an examination of the records, and files in this action that the Defendants Cole Investment Co. and Consolidated Kiln Drying & Milling Corporation having been duly served with summons in the manner required by law, to-wit: By service on Secretary of State per 3302 Corp. Code, and having failed to answer the Plaintiff's Amended Complaint herein, and the time for answering having expired, the default of said Defendants is hereby entered according to law."

[2]This affidavit was sworn to on January 24, 1958.

and that the court has the right and power at any time to vacate and set aside a void entry of default and a void default judgment. (*Morgan* v. *Clapp,* 207 Cal. 221, 224 [277 P. 490] ; *Miller* v. *Cortese,* 110 Cal.App.2d 101, 103-105 [242 P.2d 84] ; *People* v. *One 1941 Chrysler Sedan,* 81 Cal.App.2d 18, 31 [183 P.2d 368] ; and collaterally, *Pennell* v. *Superior Court,* 87 Cal.App. 375, 378 [262 P. 48].) Accordingly, cases holding that a trial court has discretionary power under sections 473 and 473a to grant or refuse application for relief from a default or default judgment are not in point where application for relief is sought on the ground that the default and the default judgment are void on their face.

It is further contended : (a) that Cole was guilty of laches in failing to protect its interests; (b) that Cole made a general appearance by moving to vacate the default, and that therefore Cole could not thereafter attack the default judgment on grounds of defects in the process, the mode of service or insufficiency of the order therefor; and (c) that Cole's appeal from the judgment divested the respondent court of jurisdiction to vacate the judgment. None of said contentions is well founded because the doctrines relied upon as a basis for said contentions do not apply where the order for service, the default and default judgment are void on their face.

As to the specific contention that Cole is not entitled to relief by reason of laches, it is established as hereinbefore shown that motion to vacate a default judgment void on its face can be made at any time (*Morgan* v. *Clapp, supra*) ; and that a motion to vacate a judgment is only required to be made within a reasonable time where the judgment is not void on its face. (*Penland* v. *Goodman,* 44 Cal.App.2d 14, 19-20 [111 P.2d 913].)

As to the contention that Cole's appeal from the default judgment and from the orders denying its motions to vacate divested the superior court of jurisdiction to vacate said judgment and orders, it is settled that an appeal does not deprive a trial court of jurisdiction to vacate its judgments and orders where such judgments and orders are void. (*Svistunoff* v. *Svistunoff,* 108 Cal.App.2d 638, 641-642 [239 P.2d 650] ; *Harris* v. *Board of Education,* 152 Cal.App.2d 677, 680-681 [313 P.2d 212].)

Equally unsound is the contention that Cole was precluded from moving to vacate the default judgment because it had previously appeared and moved the trial court to vacate the default entered against it. Cole had an undoubted right to

have the default so entered against it vacated, since the default was based on an insufficient affidavit and a void order for substituted service; and it may not successfully be maintained that the making of said motion to vacate the default, or the trial court's order denying it, precluded Cole from later again attacking said order for substituted service and for entry of the default, when said orders were void on their face. (*Pennell* v. *Superior Court, supra,* 87 Cal.App. 375 at 378; *Morgan* v. *Clapp, supra,* 207 Cal. 221, 224; *Penland* v. *Goodman, supra,* 44 Cal.App.2d 14, 19-20.)

 It is further wholly unthinkable that a void default judgment predicated on such a void order for service and such a void entry of default must be upheld upon the purported premise that the motion to vacate the default constituted a general appearance of such nature as to cure the insufficiencies of the void order for service and of the void entry of default based on the void service.

 This is not a case where Cole is seeking to quash service and to avoid the jurisdiction of the trial court; but rather a case where it is seeking permission to appear and answer on the merits and asking that the void entry of default and the void default judgment be vacated for such purpose. Under such circumstances, it would be absurd to hold that Cole's motion to vacate the default amounted in substance to a consent that the default judgment could be entered against it.

 It would be equally absurd to hold that a motion to vacate the entry of a default, made on the ground that the affidavit and order for the substituted service were void, constitutes a general appearance of such nature as to cure the insufficiency of said affidavit and void order for service, since the purpose of the motion to vacate the default was to challenge the sufficiency of said affidavit and order for substituted service.

In the light of the foregoing it becomes unnecessary to consider Cole's further contention that the provisions of section 3302 of the Corporations Code are unconstitutional.

 Having concluded that the superior court was without jurisdiction to make its order authorizing substituted service upon Cole and that the entry of default and judgment thereon are void, the trial court was warranted in making its order of May 20, 1958, vacating the default and judgment. (*Macmillan Petroleum Corp.* v. *Griffin,* 99 Cal.App.2d 523, 533 [222 P.2d 69].) Accordingly upon plaintiffs' appeal from said order (No. 23395) it is affirmed and plaintiffs' petition

for a writ commanding the superior court to vacate its said order of May 20, 1958 (No. 23355) is denied. This renders moot both Cole's appeal from the default judgment and the order refusing to set it aside (No. 23380) as well as Cole's petition for a writ of prohibition (No. 23079). Accordingly the said appeal is dismissed and the petition is denied. ▆ Cole's attempted appeal from the order refusing to vacate the default is dismissed as said order is not appealable. (*Pickerill* v. *Strain,* 196 Cal. 683, 685 [239 P. 323].)

Shinn, P. J., and Vallée, J., concurred.

On December 23, 1958, respondent's suggested modification of the opinion was denied (No. 23395), and a petition for a rehearing was denied (No. 23380). The petitions of appellants and petitioners (No. 23395 and No. 23355) for hearings by the Supreme Court were denied January 21, 1959. Gibson, C. J., Carter, J., and Traynor, J., were of the opinion that the petitions should be granted.